**Matthew J. Morrison**
MORRISON LAW OFFICE
1887 N 270 E
OREM, UT 84057
(801)845-2581
Email: matt@oremlawoffice.com

*Attorneys for Plaintiff and the Class*
[Additional Counsel Appearing on Signature Page]

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **MARIA SCHAFFER,** individually and on behalf of all others similarly situated, | PROPOSED CLASS ACTION COMPLAINT |
| *Plaintiff,* | DEMAND FOR JURY TRIAL |
| v. | CASE NO: |
| **2:20 MARKETING GROUP, LLC** a Nevada limited liability company, dba **XURLI** | JUDGE: |
| *Defendant*. | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Maria Schaffer ("Schaffer" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant 2:20 Marketing Group, LLC d/b/a Xurli ("Xurli" or "Defendant") to stop its practice of placing calls using "an artificial or prerecorded voice" to the telephones of consumers nationwide without their prior express consent, and to enjoin Defendant from continuing to place prerecorded telephone calls to consumers who did not provide their prior express consent to receive them. Plaintiff also seeks to obtain redress for all persons injured by Xurli's conduct alleged herein. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and

1

experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Xurli is a digital marketing company based in St. George, Utah.

2. Unfortunately for consumers, Xurli casts its marketing net too wide. That is, in an attempt to promote their marketing services and to generate leads, Xurli conducted (and continues to conduct) a wide-scale telemarketing campaign that features the repeated making of unsolicited prerecorded phone calls to consumers' telephones without consent and in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

3. By making these prerecorded calls, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such prerecorded calls, in addition to the wear and tear on their telephones, consumption of battery life, consumption of memory on their phones and voicemail, lost minutes, loss of value realized for the monies consumers paid to their carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing they interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access their phones, including the related data, voicemail, software, and hardware components.

4. The TCPA was enacted to protect consumers from prerecorded phone calls like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease all prerecorded telephone calling activities to telephones without first obtaining prior express written consent and to scrub

the calls against the national do not call registry, as well as an award of statutory damages to the members of the Class under the TCPA, costs, and reasonable attorney's fees

## PARTIES

5. Plaintiff Schaffer is a natural person and resident of California. She resides in Huntington Beach, CA.

6. Defendant is a Nevada corporation with a principal place of business located in St. George, Utah. Defendant transacts business in this District and is headquartered in this District.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has general personal jurisdiction over Defendant because Xurli is headquartered in this District, Defendant solicit consumers in this District, Defendant made and continue to make unsolicited calls from this District, and because the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because Xurli is headquartered within this District and because the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

9. In recent years, companies such as Defendant have turned to unsolicited telemarketing as a way to increase its customer base. Widespread telemarketing is a primary method by which Defendant recruit new customers.

10. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

11. In plain violation of this rule, Defendant fails to obtain any prior express written consent to make prerecorded calls to cellular and landline telephone numbers.

12. In placing the prerecorded calls that form the basis of this Complaint, Defendant utilized a prerecorded voice that played a prerecorded message even if the call was answered by an answering machine as opposed to a live person.

13. Furthermore, Defendant calls customers who have no "established business relationship" with Defendant and who are registered on the Do Not Call Registry.

14. Prior to placing these prerecorded voice calls to consumers, Defendant failed to obtain express written consent as required by the TCPA.

15. At all times material to this Complaint, Defendant was and is fully aware that unsolicited telemarketing calls are being made to consumers' telephones through its own efforts and their agents.

16. Defendant knowingly made (and continues to make) unsolicited prerecorded telemarketing calls without the prior express written consent of the call recipients as well as calls to those on the national do not call registry. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF SCHAFFER**

17. Schaffer is the owner and customary user of a cellphone number ending in 6033.

18. On March 17, 2019, Plaintiff received an unsolicited telemarketing call on her cellphone from the number 714-750-8229. The call featured an artificial or pre-recorded voice.

19. Plaintiff was prompted to press a number to speak to a live person and, wanting to know who called her, followed the prompts and was connected with a Xurli representative.

20. Annoyed and wishing to confirm who called her, Plaintiff requested an email follow-up from the representative. Schaffer received an email from orders@xurli.com shortly after the call.

21. During all times relevant, Plaintiff did not consent orally or in writing for Defendant to place prerecorded calls to her. Simply put, Defendant never obtained Plaintiff's prior written (or oral, for that matter) express consent to place any telephone calls to her using a prerecorded voice.

22. By making unauthorized prerecorded telephone calls as alleged herein, Defendant has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the calls disturbed Plaintiff's use and enjoyment of her phone, and required her time to listen to, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Plaintiff's phone. In the present case, a consumer could be subjected to many unsolicited prerecorded telephone calls as the Defendant do not take care to ensure that the recipients of its prerecorded calls have given their prior express written consent to be called.

23. In order to redress these injuries, Plaintiff, on behalf of herself and the class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47

U.S.C. § 227, *et seq.*, which prohibits unsolicited prerecorded telephone calls to telephones and which prohibits calls to the phone numbers of consumers who are registered on the do not call registry without their consent.

24. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited prerecorded telephone calling activities and calls to telephone numbers without their consent, and an award of statutory damages to the class members to be paid into a common fund for the benefit of the Class, together with costs and reasonable attorney's fees to be paid from any such common fund.

## CLASS ALLEGATIONS

25. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

> **Prerecorded No Consent Class:** All persons in the United States from four years prior to the filing of this action through the date the date notice is sent to the Class who (1) received a telemarketing call made by or on behalf of Xurli, (2) on the person's telephone, (3) using an artificial or prerecorded voice, and (4) for whom Defendant claims prior express written consent was obtained in the same manner as Defendant claims prior express written consent was obtained to call the Plaintiff.

26. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or

6

released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

27. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed prerecorded telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) whether Defendant's conduct constitutes a violation of the TCPA;

    (b) whether Defendant systematically made telephone calls to members of the Prerecorded No Consent Class without first obtaining prior express written consent to make the calls;

    (c) whether Defendant utilized a prerecorded voice to make its calls to members of the Prerecorded No Consent Class;

    (d) whether Defendant made prerecorded telephone calls to members of the Prerecorded No Consent Class without first obtaining prior express written consent to make the calls;

    (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

    (f) whether Defendant obtained prior express written consent to contact any class members.

29. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no

defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

30. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227, *et seq.*)**
**(On Behalf of Plaintiff and the Prerecorded No Consent Class)**

31. Plaintiff incorporates the foregoing factual allegations as if fully set forth herein.

32. Defendant made telephone calls using an artificial or pre-recorded voice to telephone numbers belonging to Plaintiff and other members of the Prerecorded No Consent

Class without first obtaining prior express written consent to receive such calls. Written consent is required, yet Defendant failed to obtain written or oral consent.

33. The prerecorded voice calls actually played a prerecorded voice on Plaintiff's telephone.

34. By making the unsolicited telephone calls to Plaintiff and the Prerecorded No Consent Class members' telephones without their prior express written consent, and by utilizing a prerecorded voice to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

35. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Prerecorded No Consent Class are each entitled a minimum of Five Hundred Dollars ($500.00) in damages for each such violation of the TCPA.

36. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Prerecorded No Consent Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel;

2. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

3. An order declaring that Defendant's actions, as set out above, violate the TCPA;

4. A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

5. An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

6. An order requiring Defendant to identify any third-party involved in the pre-recorded calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

7. An injunction requiring Defendant to cease all unsolicited prerecorded calling activities, and otherwise protecting the interests of the Class;

8. An injunction prohibiting Defendant from using, or contracting the use of, a pre-recorded voice without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

9. An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

10. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

11. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

                                            Respectfully Submitted,

                                            **MARIA SCHAFFER,** individually and on behalf of class of similarly situated individuals

Dated: January 21, 2022                By: \_\_\_/s/\_ Matthew J. Morrison_____
                                                     One of Plaintiff's Attorneys

                                            **Matthew J. Morrison**
                                            MORRISON LAW OFFICE
                                            1887 N 270 E
                                            OREM, UT 84057
                                            (801)845-2581
                                            Email: matt@oremlawoffice.com

                                            Patrick H. Peluso\*
                                            ppeluso@woodrowpeluso.com
                                            Woodrow & Peluso, LLC
                                            3900 East Mexico Ave., Suite 300
                                            Denver, Colorado 80210
                                            Telephone: (720) 213-0675
                                            Facsimile: (303) 927-0809

                                            Attorneys for Plaintiff and the Class

                                            \* *Pro Hac Vice* Admission to Be Sought